**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 15-21882-CIV- GOODMAN**
**[CONSENT CASE]**

DANIEL MOYA,

     Plaintiff,

v.

BREAD AND CHOCOLATE
LLC , et al.,

     Defendants.

_____/

### ORDER APPROVING FLSA SETTLEMENT AND CLOSING CASE

The Court held a telephonic fairness hearing on September 16, 2015, during which the Court heard from counsel regarding the fairness of the settlement of the plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA"). [ECF No. 33].

In general, the minimum wage and overtime provisions of the FLSA[1] are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private

---

[1]    29 U.S.C. § 201 *et seq.*

lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court considered the factors outlined in *Lynn's Food Stores*, and also considered the strengths of the parties' cases, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' positions, the strengths and weaknesses in the parties' respective cases, and the parties' desire to resolve the dispute sooner, rather than later.

The Court finds that the settlement here [ECF No. 31-1] represents a genuine compromise of a bona fide dispute. The plaintiff has accepted less money than he claims he is owed while the defendants, who have denied liability, have agreed to pay the plaintiff more than they believe he is due under the law. Both have agreed to settle as a result of reasonable strategic and financial considerations.

The Undersigned reviewed the plaintiff's counsel's billing records. [ECF Nos. 31-3; 31-4; 31-5]. Those records show that the plaintiff's counsel is recovering less in attorney's fees and costs than he actually incurred in this matter, based on his standard billing rates.[2] The settlement is reasonable not just when viewed in light of the plaintiff's claims against defendants (and defendants' defenses to those claims), but also in light of the amounts that the plaintiff and his counsel will each receive.

The Court finds that the settlement here occurred in an adversarial context and that there are genuine coverage and computation issues in dispute.  The Court further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable, the settlement is **APPROVED**, the joint motion for settlement approval [ECF No. 31] is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction to enforce the terms

---

[2]    As noted at the Fairness Hearing, counsel's rate for out-of-court time in the retainer agreement differed from the rate billed on his invoices. Regardless of the difference though, at either rate, the amount billed exceeded the amount in fees that counsel will be receiving in the agreement.

3

of the parties' settlement. The Clerk is directed to **CLOSE THIS CASE** and deny all

pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, September 18, 2015.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

4